# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBORAH A. ROTH-RIEMANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-12-1287-W |
| ) | |
| CAROLYN W. COLVIN,[1] ) | |
| Commissioner, Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Deborah Roth-Riemann (Plaintiff) has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Defendant Commissioner's final decision denying Plaintiff's application for supplemental income payments under the Social Security Act. United States District Judge Robin J. Cauthron referred this matter for proceedings consistent with 28 U.S.C. § 636(b)(3) and it is now before the undersigned Magistrate Judge. The undersigned has reviewed the pleadings, administrative record (AR), and parties' briefs, and recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

---

[1] Effective February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as Defendant in this action.

## I. Administrative proceedings.

In support of her application for benefits, Plaintiff alleged that her impairments became disabling in November 2007. AR 121-27. Plaintiff's claim was denied and, at her request, an Administrative Law Judge (ALJ) conducted a hearing. In his September 2011 decision, the ALJ found that Plaintiff is not disabled within the meaning of the Social Security Act. *Id.* at 18. The Social Security Administration's Appeals Council declined Plaintiff's request for review, *id.* at 1-4, and Plaintiff now seeks review in this court. Doc. 1.

## II. The ALJ's findings.

The ALJ found that Plaintiff has not engaged in substantial gainful activity since November 2007, and has severe "spondylosis and Grade II spondylolisthesis of L5-S1, low back pain, pain disorder associated with both psychological factors and a general medical condition; personality disorder NOS with emotionally unstable and borderline features; major depressive disorder, moderate, atypical features; and anxiety disorder." AR 14. The ALJ also found that Plaintiff has the residual functional capacity (RFC)[2] to perform a wide range of light work, but that her "ability to perform a full range of light work is precluded by her low level of intellectual functioning

---

[2] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

and her emotional instability causing marked inability, to remember, carry out and make judgments on work related functions and mild limitations in other areas." *Id.* at 15. The ALJ then opined that Plaintiff's nonexertional limitations "have little or no effect on [her] occupational base of unskilled, light work," and, applying the Medial-Vocational Guidelines (Grids), found that Plaintiff is "not disabled." *Id.* at 18.

## III. Standard of review.

This court is limited in its review of the Commissioner's final decision to a determination of whether the ALJ's "factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue,* 602 F.3d 1136, 1140 (10th Cir. 2010). To that end, reversal is necessary if the ALJ failed "'to provide this court with a sufficient basis to determine that appropriate legal principles have been followed.'" *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (citations omitted).

## IV. Disability determination.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-

3

step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. § 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five steps in detail). Under this sequential procedure, Plaintiff bears the initial burden of proving she has one or more severe impairments. *See* 20 C.F.R. § 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If she carries that burden, the ALJ will conduct a RFC assessment at step four to determine what if anything the claimant can still do despite her impairments. *See* 20 C.F.R. § 416.912(e); *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1048 (10th Cir. 1993). Then, if Plaintiff makes a prima facie showing that she cannot engage in prior work activity, the burden shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *See Turner*, 754 F.2d at 328; *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

## V. Plaintiff's claims of error.

Plaintiff presents multiple claims of error. However, the undersigned ultimately recommends remand because the ALJ conclusively relied on the Grids to find Plaintiff not disabled without supporting or explaining his finding that Plaintiff's nonexertional impairments have little or no effect on her unskilled, light work occupational base. Accordingly, the undersigned will not address Plaintiff's remaining claims. *See Watkins v. Barnhart*, 350

4

F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

## VI. The ALJ's reliance on the Grids.

### A. The law.

As noted above, the Commissioner had the burden at step five to show there are other jobs Plaintiff can adjust to that exist in significant numbers in the national economy. To do this, the ALJ could have either relied on: (1) a vocational expert's (VE) testimony, or (2) the Grids. *See Daniels v. Apfel*, 154 F.3d 1129, 1132 (10th Cir. 1998). *Id.* He chose to rely conclusively on the Grids, AR 18, and Plaintiff alleges that this was error. Doc. 13, at 4-5.

According to the Tenth Circuit:

> The Secretary has promulgated [the Grids] to help evaluate whether there exist sufficient jobs that can be performed given the claimant's age, education, and physical limitations. The grids should not be applied conclusively in a particular case, however, unless the claimant could perform the full range of work required of that category on a daily basis and unless the claimant possesses the physical capacities to perform most of the jobs in that range. Moreover, resort to the grids is particularly inappropriate when evaluating nonexertional limitations such as pain and mental impairments.

*Hargis v. Sullivan*, 945 F.2d 1482, 1490 (10th Cir. 1991) (citations omitted); *see also Channel*, 747 F.2d at 580 ("[B]ecause the grids consider only impairments that result in *exertional* or strength limitations, they may not be

5

fully applicable where other, *nonexertional* impairments are present."). That said, "[t]he mere presence of a nonexertional impairment does not preclude reliance on the grids." *Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993). Use of the Grids is foreclosed only where the "nonexertional impairments are significant enough to limit [the claimant's] ability to perform the full range of jobs" available. *Channel*, 747 F.2d at 583; *see also Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995) (holding that an ability to perform a "substantial majority of the work in the designated RFC category" justifies use of the Grids). "The ALJ, however, must back such a finding of negligible effect with the evidence to substantiate it." *Talbot v. Heckler*, 814 F.2d 1456, 1465 (10th Cir. 1987). A conclusory finding on this issue will not suffice. *See, e.g., Channel*, 747 F.2d at 582 ("Absent a specific finding, support by substantial evidence, that despite his non-exertional impairments, Channel could perform a *full range* of sedentary work on a sustained basis, it was improper for the ALJ conclusively to apply the grids in determining that Channel was not disabled.").

**B.    The ALJ's conclusive reliance on the Grids was improper.**

In relevant part, Plaintiff alleges that the ALJ did not support his finding that her severe mental impairments have little or no effect on her ability to perform unskilled, light work. Doc. 13, at 4-5. Therefore, Plaintiff

6

argues, the ALJ's conclusive reliance on the Grids was improper. *Id.* The undersigned agrees.

The ALJ dedicated two paragraphs to the recitation of the relevant rules for applying the Grids. AR 18. He then concluded the second paragraph with a one-sentence summation that Plaintiff's "additional limitations have little or no effect on [her] occupational base of unskilled, light work." *Id.* The undersigned finds this conclusory discussion insufficient to justify the ALJ's conclusive reliance on the Grids at step five. *See, e.g., Channel*, 747 F.2d at 582; *Lopez v. Barnhart*, 78 F. App'x 675, 679 (10th Cir. 2003) (reversing the ALJ's reliance on the Grids because: "The ALJ's conclusion that claimant could perform most light work jobs [because his mental impairments had little to no effect on his ability to do so] was not supported by the VE's testimony or any other source."); *Noble v. Astrue*, No. 09-1386-JWL, 2010 WL 4792494, at \*6 (D. Kan. Nov. 17, 2010) (unpublished order) (holding that the ALJ erred where he "did not explain how he determined [plaintiff's nonexertional] limitations have little or no effect on the occupational base of unskilled light work"). And, the ALJ's mere citation to the relevant social security rulings does not salvage the opinion. *See Guerra v. Astrue*, 918 F. Supp. 2d 1180, 1191 (D. Kan. 2013) ("Guerra correctly argues that the ALJ failed to support his use of the grids with any meaningful discussion . . . . While the ALJ did quote the applicable rule for

7

using the grids, he did not make any applicable finding or offer evidence to sustain such a finding."); *Coffin v. Comm'r of Social Sec.*, No. 6:09-cv-2061-Orl-DAB, 2011 WL 806674, at *9 (M.D. Fla. Mar. 2, 2011) (unpublished order) (agreeing with the Commissioner that the "ALJ did cite SSR 85-15" but holding that the mere citation to relevant social security rulings was insufficient in the absence of any actual discussion involving whether the nonexertional impairment had little to no effect on claimant's ability to work).

The ALJ's conclusory finding is particularly troubling here because: (1) it contradicts the RFC, and (2) the RFC assessment lacks detail.

### 1. The ruling contradicts the RFC.

First, in assessing Plaintiff's RFC, the ALJ specifically found that Plaintiff's "ability to perform a full range of light work is *precluded* by her [severe mental impairments]." AR 15 (emphasis added). Then, without discussion, the ALJ made a contradictory finding that Plaintiff's severe mental impairments *do not* have an effect on her ability to perform a full range of light work. *Id.* at 18. This inconsistency, particularly with no supporting discussion, is fatal. *See, e.g., Thomas v. Astrue*, No. CIV-11-343-W, 2012 WL 3518049, at *2-3 (W.D. Okla. July 23, 2012) (unpublished recommendation) (recommending that the Commissioner's decision be reversed, in part, because the ALJ's finding that Plaintiff's nonexertional

impairment had no effect on her ability to perform a full range of work was "completely inconsistent" with the ALJ's finding in a previous step that the claimant's "impairments 'reduced her ability to perform a full range of work'"), *adopted*, 2012 WL 3528975 (W.D. Okla. Aug. 14, 2012) (unpublished order); *Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987) (reversing in part because the ALJ's RFC assessment noted that plaintiff's nonexertional impairments limited plaintiff's ability to perform sedentary work, and this "initial finding confutes the ALJ's later conclusion that plaintiff's nonexertional limitations do not significantly limit his capacity for sedentary work"); *Rhone v. Astrue*, No. 1:11-cv-2428, 2012 WL 3637647, at *10 (N.D. Ohio Aug. 6, 2012) (unpublished order) (reversing on grounds that the "ALJ's nonexertional RFC findings contradict his [step five] conclusion that Plaintiff could perform all or substantially all of the requirements of light work [despite his nonexertional limitations].").

### 2. The RFC's assessment lacks detail.

Second, the ALJ's RFC's assessment that Plaintiff's "ability to perform a full range of light work is precluded by her low level of intellectual functioning and her emotional instability causing *marked inability, to remember, carry out and make judgments* on work related functions and mild limitations in other areas," AR 15, is overly broad. That is, unskilled work generally requires the basic mental ability to: (1) understand, remember and

9

carry out simple instructions; (2) make simple work related decisions; (3) respond appropriately to supervision, co-workers, and work situations; and (4) deal with changes in a routine work setting. *See* Social Security Ruling (SSR) 96-9p, 1996 WL 374185, at *9 (July 2, 1996); SSR 85-15, 1985 WL 56857, at *4 (1985). Thus, if Plaintiff has a marked inability to remember and carry out *detailed* and *complex* judgments or decisions, the ALJ's error might be harmless because unskilled work does not require such an ability. If, on the other hand, Plaintiff has a marked inability to remember and carry out *simple* decisions or judgments, she would likely be unable to perform unskilled work. In that scenario, the ALJ's finding that her nonexertional impairments have little to no effect on her ability to perform unskilled work would be fundamentally flawed. Consequently, the RFC assessment's vagueness prevents the undersigned from holding the ALJ's conclusory finding harmless. *See Cook v. Astrue*, No. 1:10cv029, 2011 WL 6780825, at *3 (W.D.N.C. Dec. 27, 2011) (unpublished order) (holding that the ALJ erred in failing to support his finding that plaintiff could perform unskilled work despite nonexertional impairments for purposes of relying conclusively on the Grids, and finding that: "The ALJ's brief and conclusory RFC assessment offers no basis for a finding that this error was harmless.").

## VII. Recommendation and notice of right to object.

The ALJ failed to discuss or provide evidentiary support for his finding that Plaintiff's severe mental impairments have little to no effect on her ability to perform a full range of unskilled, light work. Moreover, the ALJ's finding is contradictory to his RFC assessment that Plaintiff's severe mental impairments *preclude* a full range of light work, and his RFC findings are otherwise too broad to make his error harmless. Under these circumstances, the undersigned finds that the ALJ's conclusive reliance on the Grids at step five was improper and recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

The parties are advised of their right to object to this report and recommendation by the 15th day of January, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 26th day of December, 2013.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE